**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 25 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FARAH SAYARI, an individual, | No. 12-55101 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-09404-SVW-JCG |
| v. | |
| METROPOLITAN LIFE INSURANCE COMPANY, a New York corporation qualified to do business in California, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted October 10, 2013[**]
Pasadena, California

Before: PAEZ and HURWITZ, Circuit Judges, and ERICKSON, Chief District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Ralph R. Erickson, Chief District Judge for the U.S. District Court for the District of North Dakota, sitting by designation.

Farah Sayari ("Sayari") appeals the district court's order granting summary judgment to Metropolitan Life Insurance Company ("MetLife"). We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

Under California law, the statute of limitations begins when an insured incurs a loss, but it is equitably tolled from the date the insured gives timely notice of the claim until the date the insurance company "formally denies the claim in writing." *Prudential-LMI Com. Ins. v. Superior Court*, 798 P.2d 1230, 1232 (Cal. 1990). California's appellate courts have construed "formal denial" to require "unequivocal denial" in writing. *Migliore v. Mid-Century Ins. Co.*, 97 Cal. App. 4th 592, 604 (2002); *Aliberti v. Allstate Ins.* Co., 74 Cal. App. 4th 138, 146-47 (1999).

MetLife argues that its May 15, 2006 letter ("May 15 letter") to Sayari was an unequivocal denial of her claim. The first part of the operative sentence at the end of the May 15 letter—"we must conclude that the death of our insured has not been established and we can give your claim no further consideration . . ." —seems to communicate finality. This sentence, however, ends with an important qualifier—". . . without conclusive evidence of death"—which suggests that MetLife's conclusion is conditional. *Webster's Third New International*

2

*Dictionary* defines "unequivocal," in part, as "expressing finality: carrying no implication of later change or revision." The operative sentence in the May 15 letter, taken as a whole, carries the reasonable implication of later change or revision pending submission of conclusive evidence of death.

The May 15 letter also lacks several attributes that would characterize an unequivocal denial. For instance, California insurance regulations require that the denial of a claim include

> written notification . . . that, if the claimant believes all or part of the claim has been wrongfully denied or rejected, he or she may have the matter reviewed by the California Department of Insurance, and shall include the address and telephone number of the unit of the Department which reviews claims practices.

Cal. Code Regs. tit. 10, § 2695.7(b)(3); *see also 1231 Euclid Homeowners Ass'n v. State Farm Fire & Cas. Co.*, 135 Cal. App. 4th 1008, 1015 n.11 (2006) (providing example of a letter fulfilling insurance company's obligation under § 2695.7(b)(3)). Unlike the denial letter in *Migliore*, the May 15 letter does not include this language. *See* 97 Cal. App. 4th at 599. Further, it is notable that the May 15 letter is not on MetLife letterhead and comes from a consultant, Juan Conde, not a MetLife employee or decision maker.

Accordingly, we reverse the district court's grant of summary judgment because there is a triable issue of material fact as to whether MetLife's May 15 letter to Sayari constituted an unequivocal denial.[1]

REVERSED.

---

[1] Because we conclude that there is a material triable issue of fact that requires reversal, we need not address Sayari's other arguments raised on appeal.